IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID CABALLERO, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 3:22-CV-0389-N-BT |
| § | (NO. 3:18-CR-323-N) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of David Caballero under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects as follows:

On June 27, 2018, Movant was named along with fifteen others in a seventeen-count indictment charging him in count one with conspiracy to possess with intent to distribute and distribution of 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and in count five with possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B). CR ECF No.[1] 15. Movant initially entered a plea of not guilty. CR ECF No. 155. He and his attorney later signed a factual

---

[1] The "CR ECF No. __" refers to the number of the item on the docket in the underlying criminal case, No. 3:18-CR-323-N.

resume, CR ECF No. 206, and a plea agreement pursuant to which he agreed to plead guilty to count five of the indictment. CR ECF No. 207. The factual resume set forth the elements of the offense charged in count five and enough facts to show that Movant had committed the offense. It specifically stated that it "is not intended to be a complete accounting of all the facts and events related to the offense charged in this case." CR ECF No. 206 at 2. The plea agreement set forth Movant's understanding that he faced a term of imprisonment of not less than five years and not more than forty years; that the sentence would be wholly within the Court's discretion; that the plea was freely and voluntarily made and not the result of force, threats, or promises, including promises of what the sentence would be; and that Movant had thoroughly reviewed all the factual and legal aspects of his case with counsel and was fully satisfied with the representation provided to him. CR ECF No. 207.

On May 14, 2019, Movant appeared for rearraignment. He testified under oath that: he and his counsel had discussed the guidelines and how they might apply in his case; he understood that he should not rely on an statement or assurance by anyone as to what sentence would be imposed; he was fully satisfied with his counsel; he understood the elements of the charge to which he was pleading guilty and he had committed all of them; no one had made any promises to induce him to plead guilty; he had read, understood, and discussed the plea agreement with counsel before signing it; he voluntarily waived his right to appeal and to pursue habeas relief except in certain limited circumstances; he understood the penalties he faced; and he had read, understood, and discussed the factual resume with counsel before signing it. CR ECF No. 440.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 34. CR ECF No. 300, ¶ 24. Movant received a two-level increase for importation. *Id.* ¶ 25. He received a two-level and a one-level adjustment for acceptance of

responsibility. *Id.* ¶¶ 31, 32. Based on a total offense level of 33 and a criminal history category of I, his guideline imprisonment range was 135 to 168 months. *Id.* ¶ 66. The section of the PSR describing the offense conduct was prepared after a review of the indictment, factual resume, investigative materials provided by the Drug Enforcement Administration, and interviews with DEA Task Force Officer Christopher Hight, all of which the probation officer considered reliable. *Id.* ¶ 6. Movant was held accountable for three kilograms of methamphetamine he acquired on November 27, 2017, and another two kilograms based on two transactions described in detail by a cooperating source who was deemed reliable. *Id.* ¶¶ 14, 15.

Movant was sentenced to a term of imprisonment of 135 months. CR ECF No. 411. Movant filed a notice of appeal. CR ECF No. 409. His counsel filed a motion to withdraw, CR ECF No. 410, which was granted. CR ECF Nos. 416, 417, 418. The appeal was dismissed on Movant's motion. CR ECF No. 599.

## II.     GROUND OF THE MOTION

Movant asserts that he received ineffective assistance of counsel at sentencing, because his attorney failed to object to the quantity of drugs attributed to him and failed to seek a minor-role reduction for him. ECF No.[2] 1 at 7.

## III.    APPLICABLE LEGAL STANDARDS

### A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as

having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

Movant first argues that his counsel was ineffective in failing to object to two kilograms of methamphetamine that were attributed to him in the PSR. In support of his argument, he asks the Court to speculate as to what his trial counsel may have known or done. He relies on a file purportedly delivered to habeas counsel in February 2020, by trial counsel.[3] There is no reason to believe that the file reflects everything done by counsel or that it contains every bit of information known to trial counsel at the time he represented Movant.

The calculation of drug quantity is a fact question and will not be set aside unless implausible in light of the record as a whole. *United States v. Kearby*, 943 F.3d 969, 974 (5th Cir. 2019). The PSR reflects that the calculation was based on investigative materials and interviews of DEA Task Force Officer Christopher Hight. Movant has not come forward with any evidence to show that the information in the PSR was unreliable. He simply says that he told trial counsel he "did not know anything about the other two kilos." ECF No. 1-2, Affidavit of David Caballero at ¶ 8. Movant also claims to have told his trial counsel that after he bought the three kilograms, he "got scared and had a friend destroy the drugs." *Id.* ¶ 2. Specifically, he "never sold the drugs

---

[3] The Court assumes for the sake of argument that the documents attached to the Affidavit of Robert M. Burns as Exhibit 8A constitute the file delivered by trial counsel even though the Affidavit does not identify them as such. The Court is not considering, and need not consider, Counsel's Writ Response attached as Ex. A to the Government's response. The PSR makes clear that the information contained therein is reliable.

because [he] got scared and did not want to do anything with them," *id.* ¶ 4, and he "asked Ricardo Reyes to destroy the drugs for me." *Id.* The allegations are inconsistent with Movant's admissions in his factual resume, reflecting that he had a regular source of supply from whom he demanded high quality methamphetamine. CR ECF No. 206, ¶ 2. The PSR reflects that Movant had customers who would come from out of town to Dallas to pick up drugs from him. CR ECF No. 300, ¶ 15. Given Movant's implausible allegations in light of his recorded conversations, counsel cannot have been ineffective for failing to contest the drug quantity calculation, especially where acceptance of responsibility was at stake. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Movant also argues that counsel was ineffective for failing to seek a minor-role adjustment. To be entitled to an adjustment, the burden is on Movant to show the level of culpability of the average participant in the offense and to show that he was substantially less culpable than the other participants. *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016); *United States v. Palacios-Villalon*, 802 F. App'x 868, 869–70 (5th Cir. 2020). He makes no attempt to do so.[4] He simply avers that his trial attorney told him that he could not get a minor role adjustment because of the amount of drugs. ECF No. 1-2, Aff. of David Caballero, ¶ 4. That he may have been substantially less culpable than another participant does not meet the test. *United States v. Atanda*, 60 F.3d 196, 198 n.1 (5th Cir. 1995). Sixteen participants were named in the indictment and the Court noted that Movant was a "relatively large-level drug dealer." CR ECF No. 432 at 11. As the Government pointed out, Movant was in a position to demand high quality methamphetamine in kilogram quantities. *Id.* at 9–11. Any argument for a minor-role adjustment would have been frivolous.

---

[4] He does point out in his reply that the PSR says that two codefendants were "considered to be average or below average methamphetamine distributors." ECF No. 11 at 6–7. Of course, the PSR does not identify the quantity of drugs attributable to those codefendants. And, even assuming the statement concerns the culpability of those participants in the criminal activity, Movant provides no evidence to show the culpability of the average participant, much less that he was substantially less culpable.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **20th day** of **March, 2024**.

David C. Godbey
Chief United States District Judge